Kent D. KURKIEWICZ

v.

The STATE OF LOUISIANA, Through the DEPARTMENT OF HEALTH AND HUMAN RESOURCES; T.N. Armistead, M.D.; J. Gutierrez, M.D.; Imogene Barker, R.N.; Virginia Callahan; E.A. Redmond; E. Allred, R.N.; and XYZ Insurance Company.

Civ. A. No. 81–1047–A.

United States District Court, M.D. Louisiana.

April 19, 1983.

Henry P. Julien, Jr., New Orleans, La., for plaintiff.

Leonard L. Kilgore, III, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, La., for defendants.

JOHN V. PARKER, Chief Judge.

Plaintiff, Kent D. Kurkiewicz, brings this wrongful death action against the State of Louisiana through its Department of Health and Human Resources; the employees of the state: T.N. Armistead, M.D.; J. Gutierrez, M.D.; Imogene Barker, R.N.; E. Allred, R.N.; Virginia Callahan; and E.A. Redmond; and XYZ Insurance Co., the liability insurer of the named defendants.

Plaintiff alleges that Donna Marie Kurkiewicz was admitted to the East Feliciana State Hospital and that she died August 25, 1977 as a result of an overdose of drugs. Petitioner, who alleges only that he the deceased's sole survivor, claims that the doctors, nurses and attendants at the hospital were negligent by failing to properly observe the deceased while she was under their charge. He further claims that it was not until December 28, 1980 that it was disclosed that the defendants were at fault in the death of Miss Kurkiewicz.

The State, through the Department of Health and Human Resources, has filed a motion for a judgment on the pleadings. In a footnote in the State's memo, the State avers that the other defendants have not been served. Thus, only the State has responded to the complaint. The court finds that no oral argument is required.

The State contends that it is the real party in interest, and as such, suit is barred by the Eleventh Amendment. The State also contends that plaintiff has failed to allege facts sufficient to give him a right of action under Article 2315 of the Louisiana Civil Code—he must show that he is one of the enumerated beneficiaries and that he has not been primed by another, especially since the death occurred in 1977.

The Eleventh Amendment constitutes a bar to suits in federal courts against a state by non-citizens in the absence of waiver or congressional abrogation of immunity. *Moor v. County of Alameda,* 411 U.S. 693, 717, 93 S.Ct. 1785, 1799, 36 L.Ed.2d 596 (1973). Where suit is brought against an agency of the state, the existence of jurisdiction depends upon whether the agency is merely the alter ego of the state (thus the state is the real party in interest) or an independent agency (thus the agency is a "citizen" for purposes of diversity jurisdiction). *Department of Health and Rehabilitative Services v. Davis,* 616 F.2d 828 (5th Cir.1980).

In determining whether a suit against an agency is in reality a suit against

the state, the court "must examine the particular entity in question and its powers and characteristics as created by state law." *Laje v. R.E. Thomason General Hospital,* 665 F.2d 724, 727 (5th Cir.1982). The proper approach to making such an examination was recently set forth by Chief Judge Clark of the United States Court of Appeals for the Fifth Circuit in *Tradigrain, Inc. v. Mississippi State Port Authority,* 701 F.2d 1131 (1983). The court, by looking to the state's constitutional, statutory, and decisional law, must determine the status of the agency in question through a balancing of several factors. The court should consider

1) Whether the agency has been granted the right to hold and use property,

2) Whether it has express authority to sue and be sued in its corporate name,

3) The extent of its independent management authority,

4) The treatment of the agency by state courts,

5) Whether the state is responsible for the agency's debt,

6) Whether the agency is primarily concerned with local, as opposed to statewide problems, and

7) The degree of general financial autonomy of the agency. *Id.*

■ Title 36 of Louisiana Revised Statutes sets out the organization of the executive branch of the state government. Section 251 et seq. covers the Department of Health and Human Resources. The Department of Health and Human Resources, like other state agencies under Title 36 is, "a body corporate with the power to sue and be sued." La.R.S. 36:251 A. And the Department has the authority to hold and use property. *Louisiana Ass'n for Mental Health v. Edwards,* 322 So.2d 761 (La.1975).

■ An extremely important characteristic to be examined is the source of an agency's funds, especially where the suit seeks to impose liability in the form of damages. Where those funds must be paid from public funds in the State treasury, the State is the real party in interest. *Edelman*

*v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Sessions v. Rusk State Hospital,* 648 F.2d 1066 (5th Cir.1981); *Usry v. Louisiana Department of Highways,* 459 F.Supp. 56 (E.D.La.1978). The Department of Health and Human Resources obtains its financial support from the Louisiana legislature. The state is responsible under Louisiana law and jurisprudence for damages caused by the negligence of employees of hospitals administered under the Department's charge. *Pettis v. State, through State Department of Hospitals,* 336 So.2d 521 (La.App. 3d Cir.1976). And under the Louisiana Constitution of 1974, Article 12, Section 10, no judgment against the Department shall be exigible, payable, or paid except from funds appropriated by the legislature.

In *Usry v. Louisiana Department of Highways, supra,* the federal court looked to the same factors being examined in this action to determine whether the Department of Highways (now the Department of Transportation and Development) was the alter ego of the state. Noting that the Department of Highways was a corporate body which could sue and be sued, the court held that a suit against the Department of Highways was nevertheless a suit against the state and was barred by the Eleventh Amendment. The court emphasized the importance of the agency's overall dependence upon the state, especially its fiscal dependency. Those bringing suit against the Department of Transportation and Development, like those suing the Department of Health and Human Resources, must look to the state's coffers for the satisfaction of any judgment rendered against it.

The Louisiana jurisprudence also has characterized the Department of Health and Human Resources as an arm of the state. In *Wright v. Moore,* 380 So.2d 172 (La.App. 1st Cir.1979) the Court of Appeal rejected an argument by plaintiff that the Department of Health and Human Resources and the Department of Transportation and Development were two separate and distinct bodies corporate and that, as an employee of one, she was free to sue the

other in tort. The court held that the State of Louisiana was the real party in interest and indistinguishable from its executive departments.

Placing the factors set out in *Tradigrain, supra,* on the balance scales reveals that the weight tips heavily in favor of sovereign immunity; the State of Louisiana is the real party in interest in this action.

The motion for judgment on the pleadings is hereby GRANTED.

■ Plaintiff's complaint alleges the *residence,* not citizenship, of the parties. Citizenship determines jurisdiction under 28 U.S.C. § 1332(a), not residence. *Jagiella v. Jagiella,* 647 F.2d 561 (5th Cir.1981), reh. denied 654 F.2d 723.

Plaintiff is hereby ORDERED to amend the complaint within 15 days of the date of this minute entry so as to fully set forth the citizenship of the parties; plaintiff shall further amend so as to set forth specifically his relationship to the deceased.

If plaintiff is serious about pursuing this action, he must obtain service of process on the remaining named defendants. The court will not permit the case to simply "hang" on its docket. This action will be dismissed as to all remaining defendants upon whom service of process is not accomplished within 30 days.