Annie Mae CLAIBORNE

v.

**DIRECTOR, DEPARTMENT OF HEALTH AND HUMAN RESOURCES, STATE OF LOUISIANA, et al.**

Civ. A. No. 85–884–B.

United States District Court, M.D. Louisiana.

Feb. 12, 1986.

---

**3.** There is no evidence that the issue was ever raised either at the preliminary hearing or thereafter.

John C. Derenbecker, Metairie, La., for Annie Mae Claiborne.

A.S. Easterly, III, Easterly & Pittman, Denham Springs, La., for Mary Lou Allen.

Pamela Miller Perkins, Louisiana Dept. of Justice, Baton Rouge, La., for Director, Dept. of Health and Human Resources, State of La.

Robert R. Boland, Jr., Civil Service Gen. Counsel, Dept. of State Civil Service, Baton Rouge, La., for Director, Dept. of State Civil Service, State of La.

POLOZOLA, District Judge.

Annie Mae Claiborne filed this suit seeking compensatory and punitive damages under 42 U.S.C. § 1983 against the Directors of the Departments of Health and Human Resources ("DHHR") and State Civil Service ("DSCS"), the Attorney General of Louisiana, the Sheriff of Livingston Parish ("Sheriff"), and Mary Lou Allen. Claiborne was employed as a classified civil service employee of DHHR. Plaintiff alleges that on June 14, 1984, she was forced to resign through unfounded accusations and threats by supervisory personnel of DHHR. Her termination was upheld by DSCS, which found that she had resigned voluntarily in lieu of being fired for theft of state property. Plaintiff alleges that her termination and the decision by DSCS violated her rights to due process, equal protection and confrontation of her accusers. She further alleges that Allen and the Sheriff conspired to harass and falsely arrest her "as an outgrowth of her termination and accusations by DHHR."[1]

The Directors of DHHR and DSCS and the Attorney General have now moved to dismiss plaintiff's complaint. They contend that the complaint fails to state a claim against them because Claiborne has made no factual allegations against them. The only mention of the Attorney General in the complaint is that he "is responsible for defending the state and its agencies against civil actions grounded in opposition to the laws and implementation of the laws of the state."[2] The complaint contains no factual allegations against the Directors of DSCS and DHHR but apparently attempts to hold them liable under the theory of respondeat superior. For reasons which follow, the court finds that this motion to dismiss must be granted.

A state supervisory official cannot be held liable in a § 1983 action solely on the basis of respondeat superior. *Monell v. Department of Social Services*, 436 U.S. 658, 691–95, 98 S.Ct. 2018, 2036–38, 56 L.Ed.2d 611 (1978); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir.1985); *Barksdale v. King*, 699 F.2d 744, 746 (5th Cir.1983). In order to state a claim under § 1983, the complaint must allege either that the defendants personally participated in the acts that constitute the alleged constitutional violation or that a causal connection exists between the defendants' actions and the alleged violation. *Barksdale*, 699 F.2d at 746. Since no such allegations have been made by the plaintiff in her complaint, it is clear that Claiborne has failed to state a claim against the Attorney General and the Directors of DHHR and DSCS.

Even if the complaint is read as one against the state departments and not against the individual department heads, Claiborne's action is barred by the doctrine of sovereign immunity. Under the Eleventh Amendment to the United States Con-

---

1. Paragraph 27 of the complaint, as amended.

2. Paragraph 7 of the complaint.

stitution, an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Thus, absent consent by the state or Congressional abrogation of immunity, a state is immune from suit in federal court.

The State of Louisiana has not waived its immunity from suit in federal court. Under Louisiana R.S. 13:5106, Louisiana has restricted suits against it to Louisiana state courts. Further, Congress has not abrogated the sovereign immunity of the states as to claims for deprivation of civil rights under color of state law.[3] *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

The state's sovereign immunity also extends to state agencies considered to be "alter egos" of the state or "arms" of the state on the basis that such a suit is in reality a suit against the state. To determine whether or not an agency is an arm of the state, the court "must examine the particular entity in question and its powers and characteristics as created by state law." *Jacintoport Corp. v. Greater Baton Rouge Port Commission,* 762 F.2d 435, 438 (5th Cir.1985); *Laje v. R.E. Thomason General Hospital,* 665 F.2d 724, 727 (5th Cir.1982). The factors which the court must balance in making this determination were set forth by the Fifth Circuit Court of Appeals in *Tradigrain, Inc. v. Mississippi State Port Authority,* 701 F.2d 1131, 1132 (5th Cir.1983), as follows:

1. Whether the agency has been granted the right to hold and use property;

2. Whether it has the express authority to sue and be sued in its corporate name;

3. The extent of its independent management authority;

4. The treatment of the agency by the state courts;

5. Whether the state is responsible for the agency's debt;

6. Whether the problems with which the agency is primarily concerned are statewide or local; and

7. The degree of general financial autonomy of the agency.

One of the most important factors the court must consider is whether or not the state is responsible for the agency's debt. In *Wheeler v. Mental Health & Mental Retardation Authority,* 752 F.2d 1063, 1072–73 (5th Cir.1985), the court stated that if the funds used to defray an award against a state agency are derived from the state treasury, the agency is immune from suit in federal court.

In *Kurkiewicz v. Louisiana, through Department of Health & Human Resources,* 560 F.Supp. 911 (M.D.La.1983), the court considered these *Tradigrain* factors and held that DHHR is an arm of the state. The court noted that DHHR obtains its financial support from the state and those bringing suit against DHHR "must look to the state's coffers for the satisfaction of any judgment rendered against it." 560 F.Supp. at 913. The same result was reached in *Stevens v. Louisiana,* No. 85–972, slip op. at 4 (M.D.La. Jan. 17, 1986), opinion vacated for other reasons, and *Wright v. Moore,* 380 So.2d 172 (La.App. 1st Cir.1979).

There are no reported cases which consider whether or not the DSCS or the Department of Justice ("Justice"), which the Attorney General heads, are arms of the state. However, after considering the *Tradigrain* factors, it is clear that Claiborne's claims against DSCS and Justice are also barred by sovereign immunity.

The DSCS is a constitutionally established executive branch of Louisiana state government.[4] The department's concerns include "all persons holding offices and po-

---

**3.** Claiborne contends that the application of Eleventh Amendment immunity would unfairly deprive her of rights granted by the Fourteenth Amendment. However, her cause of action under 42 U.S.C. § 1983 is not barred by the doc-

trine of sovereign immunity but is simply restricted to Louisiana state courts. Louisiana R.S. 13:5106.

**4.** La. Const. art. X, § 6(A).

sitions of trust or employment in the employ of the state, or any instrumentality thereof...."[5] The Department of Justice is a constitutionally[6] and statutorily[7] established executive branch of Louisiana state government. The department, through the Attorney General, is responsible for the assertion of all rights and interests of the state.[8] Both DSCS[9] and Justice[10] receive their funding from the state, and any judgment against either department is payable only with funds appropriated by the state legislature.[11]

Furthermore, neither states nor state agencies are "persons" within the meaning of 42 U.S.C. § 1983. *Ruiz v. Estelle*, 679 F.2d 1115, 1137 (5th Cir.1982); *Laje v. R.E. Thomason General Hospital*, 665 F.2d 724, 726–27 n. 2 (5th Cir.1982); *Toledo, Peoria & Western Railroad Co. v. Illinois, Dept. of Transportation*, 744 F.2d 1296, 1298 (7th Cir.1984).

In summary, Claiborne has failed to state a claim against the Directors of DHHR and DSCS and the Attorney General in their official capacities because they cannot be held liable in a § 1983 action solely on the basis of respondeat superior. Claiborne also has failed to state a claim against the Departments of Justice, Health and Human Resources and State Civil Service because suits against those agencies in federal court are barred by the Eleventh Amendment and because those departments are not "persons" within the meaning of § 1983.

Therefore:

IT IS ORDERED that the motions of the Director, Department of Health and Human Resources, the Director, Department of State Civil Service, and the Attorney General for the State of Louisiana to dismiss be, and they are hereby GRANTED.

**5.** La. Const. art. X, § 1(A).

**6.** La. Const. art. IV, § 8.

**7.** La.R.S. 36:701(A).

**8.** La. Const. art. IV, § 8; La.R.S. 36:702.

**9.** General Appropriations Bill, Act of July 12, 1985, La. Act. 16, schedule 17; La. Const. art. X, § 13(A).

**10.** General Appropriations Bill, Act of July 12, 1985, La. Act. 16, schedule 4.

**11.** La. Const. art. XII, § 10(C).