LEDOMICILE, INC., et al.

v.

STATE OF LOUISIANA, Through the
DEPARTMENT OF HEALTH AND
HUMAN RESOURCES, et al.

Civ. A. No. 87–4001.

United States District Court,
E.D. Louisiana.

Sept. 28, 1987.

Joseph W. Thomas, New Orleans, La.,
for plaintiffs.

Kendall L. Vick, Asst. Atty. Gen., Louisiana Dept. of Justice, New Orleans, La., for
defendants.

## MEMORANDUM OPINION

MENTZ, District Judge

This action was filed on August 26, 1987
by LeDomicile, Inc. and Cecil Alleyne seeking injunctive relief and damages for alleged violations of civil rights under 42
U.S.C. § 1983. Named defendants are the
State of Louisiana, through the Department of Health and Human Resources
(DHHR), Sandra L. Robinson, Secretary of
DHHR, and James W. Loe, Assistant Secretary of DHHR's Office of Mental Health.

In 1983, LeDomicile was formed as a
non-profit Louisiana corporation. Alleyne
is the sole stockholder and Executive Di-

rector of LeDomicile. The State of Louisiana contracted with LeDomicile to provide residential treatment to chronically mentally ill persons. The contract was renewed every year until the 1986–1987 contract expired.[1]

Plaintiffs allege that the defendants refused to renew the contract because Alleyne intends to move to another state and because he is black, thereby violating Art. I § 3 of the Constitution of Louisiana, the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, and the right to travel.

On August 27, 1987, the Court heard argument on and denied plaintiffs' motion for a temporary restraining order. The parties agreed to consolidate trial on the merits with the hearing on the application for preliminary injunction. At the hearing held on September 2, 1987, the Court denied defendants' motion to dismiss under Rule 12(b)(3) for lack of venue and reserved ruling on defendants' motion to dismiss under Rule 12(b)(6) and motion for summary judgment until after the hearing in order to provide plaintiffs an opportunity to respond. The Court, after considering the evidence, the applicable law, and the memoranda submitted by counsel, now makes the following findings of fact and conclusions of law.

■ The Eleventh Amendment bars a federal court from granting any relief on a § 1983 action alleging constitutional violations directly against a state. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 120, 104 S.Ct. 900, 918, 79 L.Ed.2d 67, 91 (1984) (citing *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed. 2d 1114 (1978)). In light of the recent Fifth Circuit opinion in *Darlak v. Bobear,* 814 F.2d 1055 (5th Cir.1987), plaintiffs concede that DHHR is an alter ego of the State of Louisiana entitled to Eleventh Amendment immunity from any claim for damages or injunctive relief. Accordingly, the State of Louisiana, through DHHR, must be dismissed as a party to this litigation.

■ The remaining defendants are named in the complaint as "Sandra L. Robinson, Secretary, Department of Health and Human Resources", and "James Loe, Assistant Secretary, Office of Mental Health". As such, the complaint does not clearly specify whether Robinson and Loe are sued personally, in their official capacity, or both. The naming of the defendants' offices suggests that they are being sued only in their official capacity. However, plaintiffs have sued for $280,000 damages, in addition to injunctive relief, suggesting that the suit must also be against Robinson and Loe in their individual capacity. This assumption is warranted by the fact that the Eleventh Amendment bars monetary relief in an official-capacity action because it would in fact be an award against the State, *see Brandon v. Holt,* 469 U.S. 464, 105 S.Ct. 873, 878, 83 L.Ed.2d 878 (1985), whereas there is no Eleventh Amendment bar to monetary relief in an individual capacity action.

■ Section 1983 imposes liability for "conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of rights secured by the Constitution and laws." *Rizzo v. Goode,* 423 U.S. 362, 370–71, 96 S.Ct. 598, 604, 46 L.Ed.2d 561 (1976). Thus, in order to prevail against supervisory officials sued in their individual capacities, there must be a causal connection between the defendants' own actions and the claimed civil rights violations. *See Barksdale v. King,* 699 F.2d 744, 746 (5th Cir.1983).

The evidence adduced at the hearing established the following pertinent facts. At a meeting in May, 1987, Dr. Carolyn T. Kitchin, Region I Director of DHHR, gave Alleyne written notice of termination. The notice, which was dated April 30, 1987 and signed by Kitchin and Valerie Lorio, Region I Director of Special Services, did not indicate a reason for termination. However, Kitchin told Alleyne that the contract

---

1. The 1986–1987 contract expired by its own terms on June 30, 1987. Alleyne persuaded the State to extend the contract to August 31, 1987 and since that date, the parties have maintained the status quo pursuant to stipulation.

would not be renewed because he was moving out of state.[2]

Neither Kitchin nor Lorio are named defendants in this action. Plaintiffs have asserted no factual allegations against the named defendants, Robinson and Loe. Indeed, no such facts were introduced at the hearing: there is no evidence that defendants personally participated in or had any knowledge or connection with the alleged violations; there is no evidence that defendants created or supported a policy or custom regarding the alleged violations; and there is no evidence that the defendants were negligent in managing their subordinates. *See Williams v. Smith*, 781 F.2d 319, 323 (2d Cir.1986).

Plaintiffs apparently attempt to hold Robinson and Loe liable for the acts of Kitchin under the theory of respondeat superior. In a § 1983 suit, the theory of respondeat superior cannot be used to hold a supervisory official liable for the acts of a subordinate. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Thus, plaintiffs' suit against Robinson and Loe in their individual capacity is not cognizable. *See Claiborne v. Director, Department of Health and Human Resources*, 630 F.Supp. 156 (M.D.La.1986).

■ As discussed above, to the extent that plaintiffs seek damages from Robinson and Loe in their official capacity, their suit is barred by the Eleventh Amendment. However, the part of plaintiffs' suit seeking prospective injunctive relief against Robinson and Loe in their official capacity is not barred by the Eleventh Amendment. *See Edelman v. Jordan*, 415 U.S. 651, 677, 94 S.Ct. 1347, 1362, 39 L.Ed.2d 662 (1974); *Darlak*, 814 F.2d at 1061. In an official-capacity action, "a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal

law." *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 3106, 87 L.Ed.2d 114 (1985) (citations omitted). Plaintiffs do not assert a custom or policy resulting in constitutional violations, nor can the Court glean any such custom or policy from the evidence. Accordingly,

IT IS ORDERED that:

(1) Defendants' motion to dismiss the State of Louisiana, through the Department of Health and Human Resources under Fed.R.Civ.P. 12(b)(6) is GRANTED; and

(2) Judgment be entered in favor of defendants, Sandra L. Robinson, Secretary, Department of Health and Human Resources, and James W. Loe, Assistant Secretary, Office of Mental Health, and against plaintiffs, LeDomicile, Inc. and Cecil Alleyne, dismissing plaintiffs' complaint with plaintiffs to bear costs.

---

**2.** Although not relevant for purposes of this decision, the Court notes that this evidence is uncontradicted. The State does not contest that Kitchin's action was based on Alleyne's decision to relocate. Indeed, the State has argued that such action would be valid. The State also offered evidence of mismanagement as an additional reason for not renewing the contract, but there is no evidence that such mismanagement motivated Kitchin's alleged wrongful acts.