375 F.Supp.2d 170 (2005)
In re: ZYPREXA PRODUCTS LIABILITY LITIGATION
State of Louisiana, ex rel. Charles C. Foti, Jr., Attorney General, Plaintiff,
v.
Eli Lilly and Company, Inc., et al., Defendants.
Charles Foti, Attorney General, ex rel., State of Louisiana, Plaintiff,
v.
Eli Lilly and Company, Inc., et al., Defendants.
No. 04-MD-01596 (JBW), No. 05-CV-01549 (JBW), No. 05-CV-01455 (JBW).
United States District Court, E.D. New York.
July 1, 2005.
*171 Jeffrey M. Bassett, Patrick C. Morrow, James P. Ryan, Morrow Morrow et al., Opelousas, LA, Kenneth W. DeJean, Office of Kenneth W. DeJean, Lafayette, LA, Michael A. London, Douglas & London, New York City, Robert L. Salim, Natchitoches, LA, for Plaintiff.
Samuel J. Abate, Jr., McCarter & English, LLP, New York City, Susanne M. Burstein, John F. Olinde, Peter J. Rotolo, Brent A. Talbot, Chaffe, McCall, Phillips, Toler & Sarpy, L.L.P., New Orleans, LA, Nina M. Gussack, Matthew J. Hamilton, Andrew R. Rogoff, Pepper Hamilton LLP, Philadelphia, PA, for Defendants.

MEMORANDUM & ORDER
WEINSTEIN, Senior District Judge.

I. Introduction
These cases are brought by the state of Louisiana to obtain reimbursement for payments made with its own funds and federal funds in its Medicaid programs for Zyprexa, a drug manufactured by defendant, Eli Lilly and Company, Inc. ("Eli Lilly"). The drug was allegedly prescribed and used for "off-label" purposes  i.e., to treat diseases for which it was not primarily designed and authorized. Motions by the defendants to dismiss and by the plaintiff to remand are denied.

II. Motion to Dismiss
Defendants move to dismiss on the following grounds:
1. Private Counsel did not have express or implied authority to file these suits [on behalf of the State of Louisiana];
2. Private Counsel's arrangement with the Attorney General is a contingency fee agreement, ... prohibited under Louisiana law [since it] violates the separation of powers provisions of the Louisiana Constitution;
3. Even if a contingency fee arrangement were lawful, the arrangement between private counsel and the Attorney General does not meet the requirements of Louisiana law for professional services contracts between state agencies and outside counsel; and
4. The arrangement between Private Counsel and the Attorney General has not been approved by the Louisiana Office of Contractual Review, and is therefore unenforceable.
Not. of Mot. to Dismiss at 2.
The capacity of the Attorney General to employ counsel is not contestable. His authority to authorize payment of counsel is a question of Louisiana law. Counsel, not defendants, bear the risk of nonpayment of fees. If the cases result in a recovery this court will consider authorizing *172 fees, at which time it will revisit the Louisiana law on fees.
The motion to dismiss is denied.

III. Motion to Remand to Federal Court
Defendants move to remand the cases to the United States District Court for the Western District of Louisiana. Discovery and settlement negotiations are in progress. A remand would be premature. It would frustrate the purpose of the MDL procedures which are designed to prevent unnecessary duplicative discovery work by transferor courts.
The motion to remand to the federal district court in Louisiana is denied, with leave to renew.

IV. Motion to Remand to State Court
A. Federal Question Jurisdiction
Plaintiff claims that this court is without jurisdiction to hear the cases because the complaints do not present a federal question. It moves to remand the cases to the state court from which they were removed by defendants.
Defendants suggest that a recent Supreme Court case has resolved the question against plaintiff. See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., ___ U.S. ___, ___, 125 S.Ct. 2363, 2366, 162 L.Ed.2d 257, ___ (2005) ("We granted certiorari ... to resolve a split within the Courts of Appeals on whether Merrell Dow Pharmaceuticals v. Thompson, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), always requires a federal cause of action as a condition for exercising federal question jurisdiction."). Without deciding the question now posed, the Court in Grable intimated a tilt towards defendants' view.
[T]his Court [has] recognized for nearly 100 years that in certain cases federal question jurisdiction will lie over state-law claims that implicate significant federal issues. The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues....
Id. at 2367.
In opposition to the motion, defendants contend that: (1) plaintiff's two petitions contain numerous references to alleged violations of federal law; (2) plaintiff is in essence arguing that Eli Lilly violated federal regulations by marketing Zyprexa for pediatric and other off-label uses; and (3) plaintiff's state law claims also raise important federal questions relating to Medicaid.
Grable did not explicitly overrule Merrell Dow's holding that a state court action against a drug manufacturer, based in part on a theory implicating the Food and Drug Administration, did not present a federal question, so that removal of the action to federal court was improper. See 478 U.S. at 815-817, 106 S.Ct. 3229. Instead it stated that Merrell Dow was "not to the contrary" of its holding in Grable, 125 S.Ct. at 2365.
Justice Thomas rightly suggested in his concurrence that Grable did not set clear jurisdictional boundaries. See id. at 2372. As an exemplar, Merrell Dow must now, under Grable, be reviewed to determine whether it should be distinguished on its facts. The specific allegations and subtle distinctions in pleadings among pharmaceutical cases may require exercise of jurisdiction in cases which appear close to, but jurisdictionally different from, Merrell Dow. In the instant cases, the substantial federal funding provisions involved and the allegations about the violation of federal law through improper off-label use present *173 a core of substantial issues more federally oriented than those in Merrell Dow.
Federal jurisdiction lies under Grable.
B. Diversity Jurisdiction
Louisiana district court cases have held that the Louisiana Department of Health and Human Resources, to which the Louisiana Department of Health and Hospitals is the immediate successor, was essentially an alter ego of the State. See, e.g., Kurkiewicz v. State of Louisiana Through the Dep't of Health and Human Res., 560 F.Supp. 911 (M.D.La.1983) (holding that a suit against the Department of Health and Human Resources was in reality a suit against the State and was barred by the Eleventh Amendment). If the alter ego rule applied, diversity jurisdiction would not lie.
In view of the decision on federal question jurisdiction in Part IV.A., supra, the issue of diversity jurisdiction need not now be resolved.

V. Conclusion
The motion to dismiss is denied. The motion to remand to the United States District Court for the Western District of Louisiana is denied. The motion to remand to a Louisiana State court is denied. No costs or disbursements.
SO ORDERED.