**Philip C. WEISS, et al., Plaintiffs,**

v.

**FUJISAWA PHARMACEUTICAL CO., et al., Defendants.**

**No. CIV.A.5:05–527JMH.**

United States District Court,
E.D. Kentucky,
Lexington.

Dec. 28, 2005.

H. Philip Grossman, Fernandez, Friedman, Grossman & Kohn, Jennifer A. Moore, Fernandez, Friedman, Grossman & Kohn, David A. Friedman, Fernandez, Friedman, Grossman & Kohn, Louisville, KY, for Philip C. Weiss, Cassandra Weiss, Plaintiffs.

Ann Elizabeth Georgehead, Frost Brown Todd LLC—Louisville, Louisville, KY, Shea W. Conley, Frost Brown Todd LLC—Lexington, Lexington, KY, Susan S. Wettle, Frost Brown Todd LLC—Louisville, Louisville, KY, Samuel E. Isaacs, II, Lexington, KY, for Fujisawa Pharmaceutical Co., Ltd., Fujisawa Healthcare, Inc., Astellas Pharma US, Inc., Dean J. Egler, John Doe, Novartis Pharmaceuticals Corporation, Novartis International AG, Novartis Pharma GmbH, Robin Petrey, John Doe, II, Defendants.

**1.** While there are several corporations named as Defendants in this action, they are all related either to Fujisawa or Novartis, and for purposes of this order the groups of corporations will be referred to simply as Fujisawa and Novartis.

**2.** Cassandra Weiss claims loss of consortium as well.

**3.** One paragraph in the notice of removal argues, in the alternative, that federal question jurisdiction exists due to Plaintiffs' references to violations of FDA regulations. The Court finds this argument unpersuasive, and the case upon which Defendants rely, *In re*

## ORDER

HOOD, District Judge.

This matter is before the Court on Plaintiffs' motion to remand this action to Woodford Circuit Court [Record No. 21]. Several other motions remain pending, but at the request of all parties, the Court has suspended briefing on those matters until the motion to remand is decided [Record Nos. 19 & 22]. All responses and replies having been filed, the motion to remand is now ripe for review.

## BACKGROUND

Plaintiffs Philip and Cassandra Weiss filed this action in Woodford Circuit Court, alleging that the prescription drugs Protopic and Elidel, which are manufactured and sold by, respectively, Defendants Fujisawa and Novartis,[1] caused harm to Philip Weiss.[2] Fujisawa and Novartis removed the action to this Court, relying primarily on diversity jurisdiction.[3] *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 1332(a). Plaintiffs are residents of Kentucky; Fujisawa, Novartis, and all other corporations are nonresidents;[4] and the amount in controversy exceeds the jurisdictional minimum.

However, Plaintiffs have also named two Kentucky residents, Dean Egler and Robin Russell,[5] as defendants. Egler and

*Zyprexa Prods. Liab. Litig.,* 375 F.Supp.2d 170 (S.D.N.Y.2005), is not sufficiently analogous to the instant case for the Court to disregard the state-law nature of Plaintiffs' claims.

**4.** Contrary to Plaintiffs' suggestion, a corporation that owns a piece of real property in Kentucky and owns a car registered in Kentucky is not necessarily a Kentucky resident for purposes of determining whether diversity exists. *See* 28 U.S.C. § 1332(c).

**5.** Robin Russell was formerly known as Robin Petrey, and is referred to as Petrey throughout the complaint.

Russell worked as drug representatives for Fujisawa and Novartis in Kentucky, and Plaintiffs argue that the presence of Egler and Russell destroys diversity. Fujisawa and Novartis argue that Egler and Russell were fraudulently joined for purposes of defeating diversity.[6]

## ANALYSIS

 "[A] party seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999) (internal quotation marks omitted). The only issue is whether the non-diverse drug representatives were fraudulently joined,[7] and as with any dispute over removal, all doubts are to be resolved against removal. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir.1999); *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994). "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne*, 183 F.3d at 493.

Plaintiffs rely heavily, and indeed almost entirely, on this Court's recent decisions in *Cordle v. Merck*, 405 F.Supp.2d 800 (E.D.Ky.2005), and *Hedges v. Pfizer*, No. 05–442, 2006 WL 197054 (E.D.Ky. Jan. 20, 2006). In *Cordle* and *Hedges*, the Court found that drug companies who had removed the cases from state court failed to establish that non-diverse physicians had been fraudulently joined. However, neither *Hedges* nor *Cordle* are dispositive of the instant motion; Plaintiffs' claims against the drug representatives in this action fail for a deficiency not presented to the Court by the claims against the physicians in *Hedges* and *Cordle*.

 Plaintiffs' complaint, which runs 81 pages and 258 numbered paragraphs, and which contains 26 separate counts, contains many allegations. The allegations against the drug representatives are that they marketed the drugs in Kentucky, gave free samples to physicians in Kentucky, and misrepresented to physicians in Kentucky that the drugs were safe and effective. One allegation that is notably absent, however, is that Egler or Russell ever had any contact with Plaintiffs or with any of the physicians who prescribed Protopic or Elidel to Philip Weiss.[8]

6. There are also fictitious John Doe drug representatives named as defendants. Their presence will be disregarded for purposes of this motion. *See* 28 U.S.C. § 1441(a).

7. Plaintiffs also argue that removal was defective because Fujisawa and Novartis failed to obtain the consent of the drug representatives to removal. While the statutes authorizing removal do not explicitly state that removal can be effected only with the consent of all defendants, the case law is clear that all named defendants must either join in the notice of removal or file notices demonstrating consent to removal. *See, e.g., Brierly*, 184 F.3d at 533–34. However, a removing defendant need not obtain the consent of parties who are fraudulently joined. *See Constant v. Wyeth*, 352 F.Supp.2d 847, 849 (M.D.Tenn. 2003). Accordingly, whether removal was

defective based on a lack of consent is entirely dependent on whether the non-diverse drug representatives were fraudulently joined, and it need not be addressed separately.

8. In a few places in the complaint, Plaintiffs make allegations connecting Egler and Russell to Defendants in the form of, for example, Egler and Russell owed a duty to the public generally and to Weiss specifically, or Egler and Russell had knowledge that the drugs would cause harm to the public generally and to Weiss specifically. Such conclusory allegations, unsupported by any factual allegations and stating generally that defendants owe a duty or have knowledge, can not be read as a substitute for what would be a very simple allegation, namely that Egler and Russell marketed the drugs to Plaintiffs or Plaintiffs' physicians.

■ As this Court noted in a prior case, "[o]rdinarily, the question of fraudulent joinder would require that the Court inspect each of plaintiffs' theories of relief, determining under each count whether plaintiffs state a colorable cause of action under state law." *Salisbury v. Purdue Pharma, L.P.*, 166 F.Supp.2d 546, 549 (E.D.Ky.2001). However, when a complaint "suffers from a fatal flaw," such an inquiry is unnecessary. *Id.* If Egler and Russell never made any of their representations or gave any of their free samples to Plaintiffs or to Plaintiffs' physicians, the complaint fails to state a claim against Egler and Russell because, even accepting as true all of Plaintiffs' factual allegations, there is no causal connection between Egler and Russell's actions and the harm suffered by Plaintiffs. Even assuming that *somebody* engaged in marketing practices for which they could be held liable,[9] there is no factual allegation within Plaintiffs' complaint suggesting that Egler or Russell are connected with Plaintiffs' harm in any way.[10]

In *Salisbury*, this Court found that the failure of a group of plaintiffs to claim that they had actually bought the drug in question from the named non-diverse pharmacies meant that those pharmacies had been fraudulently joined. *See id.* (citing *In re Rezulin Prods. Liab. Litig.*, 133 F.Supp.2d 272 (S.D.N.Y.2001)). As the Court explained:

> [P]laintiff does not allege that any of the proposed representative plaintiffs themselves ... purchased or were otherwise supplied OxyContin *by the defendant pharmacies.* As was the case in the Rezulin litigation, this omission is fatal; absent such an averment plaintiffs have no way of showing that the pharmacy defendants' acts proximately caused the alleged injuries. Defendant pharmacies were fraudulently joined.

*Id.* at 550 (internal citations and quotation marks omitted) (emphasis in original).

Similarly, Judge Reeves recently found that a drug representative was fraudulently joined when the only allegations against the drug representative were that he had distributed OxyContin within the plaintiff's county. *See Couch v. Purdue Pharma, L.P.*, No. 01–370, 2002 WL 32097529 (E.D.Ky. Jan. 31, 2002). "The Plaintiff does not claim that [the drug representative] actually sold OxyContin to the decedent or to the decedent's prescribing physician. Nor does she even allege that [the drug representative] ever had any contact with the decedent. These omissions are fatal to her motion [to remand]." *Id.* at *1. Judge Reeves in *Couch* found that in the absence of any allegation of a connection between the named drug representative and the injury, the complaint did not state a claim against the drug representative, and therefore that the drug representative had been fraudulently joined. *See id.* at *2.

---

**9.** On this question the Court expresses no opinion. The Court need not reach whether a drug representative can ever be held liable for these types of actions under Kentucky law, because it is clear to the Court that the complaint, as it stands now, does not state a claim against these particular drug representatives.

**10.** Although the Court looks primarily to the complaint, the Court also notes that Plaintiffs have not rectified the deficiency by suggesting in either the motion to remand or the reply in support of that motion that Egler or Russell have any connection to Plaintiffs or Plaintiffs' physicians. This is true despite the fact that Plaintiffs' motion came *after* Defendants raised the lack of a causal connection in their notice of removal, and their reply came *after* Defendants again raised the issue of a lack of a causal connection in their response to the instant motion. If Egler and Russell had marketed the drugs to the physician who prescribed them to Weiss, surely Plaintiffs would have mentioned it by now.

Plaintiffs attempt to distinguish *Couch* by arguing that their allegations against Egler and Russell are more substantial than the allegations in *Couch*. The Court cannot agree; the claims against the drug representatives in this complaint fail for exactly the same reason: there is no allegation that connects Egler and Russell to these Plaintiffs or to Plaintiffs' physicians. The "extra" allegations upon which Plaintiffs attempt to distinguish *Couch* are, for the most part, not factual allegations at all.[11] For example, Plaintiffs claim that Egler and Russell owed various duties, but although the existence of a duty is a matter of law, surely that determination is dependent on the existence of certain predicate facts.[12] Moreover, the existence of a duty to the public at large, or to the medical community, is irrelevant in this case unless Egler and Russell marketed the drugs in some way that links them to Plaintiffs' harm.

Other facts by which Plaintiffs attempt to distinguish *Couch* are irrelevant to the fraudulent joinder issue. For example, Plaintiffs in their reply brief cite paragraphs 91 and 97 of the complaint, wherein they allege that Defendants (who in those counts include both the corporate and individual Defendants) had knowledge of dangers, made representations about the safety of the drugs, and marketed the drugs through television, radio, and pamphlets. None of these added allegations remedy the deficiencies identified in *Couch* and *Salisbury* unless accompanied by the simple allegation that the named drug representatives marketed the drugs to Plaintiffs or to Plaintiffs' physicians.

Just as in *Couch* and *Salisbury*, the failure to make any allegations that, if true, would show a connection between Egler and Russell and Weiss is a "fatal flaw" that prevents the Court from finding at this time that these non-diverse drug representatives were not fraudulently joined. The Court is mindful that the burden is on the party claiming fraudulent joinder, and also mindful that under the Federal Rules of Civil Procedure a complaint need not assert much. However, a complaint *must* contain "a short and plain statement of the claim *showing that the pleader is entitled to relief.*" Fed.R.Civ.P. 8(a) (emphasis added). Implicit in this rule is a requirement that the statement of the claim show that the pleader is entitled to relief *against the parties he or she is suing*. This complaint does not contain such a statement.

## CONCLUSION

The complaint fails to state a claim against the non-diverse drug representatives. Therefore, the Court can only conclude that they have been fraudulently joined. Accordingly, and for the foregoing reasons, **IT IS ORDERED** that Plaintiffs' motion to remand [Record No. 21] be, and the same hereby is, **DENIED**.

11. The Court is referring to the allegations listed in Plaintiffs' reply brief in the section distinguishing *Couch*.

12. In addition, while the Court for purposes of this motion accepts as true all of Plaintiffs' factual allegations, the Court finds no authority suggesting that it must accept as true Plaintiffs' legal conclusions, such as the existence of a duty, in determining fraudulent joinder. *Cf. Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir.2005) (holding that a court need not accept a plaintiff's legal conclusions in ruling on a 12(b)(6) motion).