Woodrow BARKSDALE, II,
Plaintiff-Appellant,

v.

John T. KING, Secretary, Department of Corrections, Louisiana, et al.,
Defendants-Appellees.

No. 82–3667.

United States Court of Appeals,
Fifth Circuit.

March 7, 1983.

Woodrow Barksdale, II, Angola, La., pro se.

J. Marvin Montgomery, Asst. Atty. Gen., Baton Rouge, La., for defendants-appellees.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

PER CURIAM:

Appellant, Woodrow Barksdale, II, is an inmate at the Louisiana State Penitentiary at Angola. He brought this civil rights suit, 42 U.S.C. § 1983, against John T. King, Secretary of the Louisiana Department of Corrections, and two medical specialists at the New General Hospital. We accept as true Barksdale's allegation that he suffers from sickle cell anemia. *Miller v. Stanmore,* 636 F.2d 986, 988 (5th Cir. 1981) (plaintiff's factual allegations are treated as true on a motion to dismiss for failure to state a claim). He alleges that three times in a period of two days in June

1982 he went to the New General Hospital to be treated, but that treatment was seriously inadequate on one visit, and on the other two visits he was refused treatment or the opportunity to see a doctor. In his complaint, Barksdale specifically asked as part of the relief that defendant John T. King, Secretary of the Louisiana Department of Corrections, established better procedures for treatment at the hospital, and that he receive $25,000 in compensatory damages for the denial of medical treatment when he needed it.

Defendant King filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), Fed.R.Civ.P., asserting that Barksdale failed to allege any causal connection between his claimed civil rights violations and any action or omissions by King. The case was referred to a United States Magistrate. He recommended dismissal of King as a defendant because of failure to allege requisite causal connection and because the suit against King could not be maintained on a vicarious liability theory. Barksdale filed timely objections to the report. In reliance on the magistrate's report, the district court granted King's motion of dismissal. Barksdale filed timely notice of appeal, and the district court denied Barksdale leave to appeal in forma pauperis.

Because the district court did not dismiss all parties to the suit, its action is not appealable unless the court in accordance with Rule 54(b), Fed.R.Civ.P., has made a determination that there "is no just reason for delay and upon an express direction for the entry of judgment." *See Morrison v. City of Baton Rouge,* 614 F.2d 77, 78 (5th Cir.1980). The district court order did contain the express determination required by the Rule.

## I.

■ Barksdale is a pro se litigant. It is established that his pleadings, therefore, are to be liberally construed. He is entitled to have his complaint stand against a motion to dismiss for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Hogan v. Midland County Commissioners Court,* 680 F.2d 1101, 1103 (5th Cir.1982).

■ As a state supervisory official, defendant King cannot be held liable for the actions of his subordinates in a § 1983 action solely on the basis of vicarious liability. *Baskin v. Parker,* 602 F.2d 1205, 1208 (5th Cir.1979). Appellant must establish either that King personally participated in the acts that constitute the alleged constitutional violation or that a causal connection exists between King's actions and the alleged violation. *Henzel v. Gerstein,* 608 F.2d 654, 658 (5th Cir.1979); *Reimer v. Smith,* 663 F.2d 1316, 1322 n. 4 (5th Cir.1981). This causal connection may be established by showing that King breached a duty imposed upon him by state and local law and that this breach caused the plaintiff constitutional injury. *Sims v. Adams,* 537 F.2d 829, 831 (5th Cir.1976); *Douthit v. Jones,* 641 F.2d 345, 346 (5th Cir.1981) (on rehearing).

■ In his pro se complaint, the only reference that Barksdale made to defendant John T. King was in the section labeled "Relief". In this section, Barksdale asked that the court: "[d]irect the defendant King to establish better procedures in which any inmate can go about getting better treatment at the New General Hospital facility ... getting treated." Barksdale made no mention of King, however, in the section of the complaint labeled "Statement of Claim", even though the instructions specifically state: "[d]escribe how each defendant is involved." Further, no mention of King is contained in Barksdale's factual allegations in the original complaint. The magistrate's finding that Barksdale's complaint, therefore, failed to state a cause of action against King is correct.

■ This conclusion, nevertheless, does not end our inquiry. Rule 15(a) of the Fed.R.Civ.P. provides that: "[a] party may amend his pleadings once as a matter of

course at any time before a responsive pleading is served...." All that defendant King filed was his motion to dismiss the complaint for failure to state a cause of action. Such a motion to dismiss is not a "responsive pleading." *McGruder v. Phelps,* 608 F.2d 1023, 1025 (5th Cir.1979). Therefore, Barksdale's right to amend his complaint as a matter of course remained unimpeded.

A codefendant did file an answer, which constituted a responsive pleading. The rule is, however, that "[w]here some but not all defendants have answered, plaintiff may amend as of course claims asserted solely against the non-answering defendants, ..." 3 Moore's Federal Practice ¶ 15.07[2] at 15–53 (2d ed. 1982). "[I]f the amendment affects all defendants or one or more of those that have not responded, then it is generally held that a 'responsive pleading' has not been served for purposes of Rule 15(a) and plaintiff may amend his complaint as of course with regard to those defendants that have not answered." 6 C. Wright & A. Miller, Federal Practice and Procedure § 1481 (1971).

After appellant received the magistrate's report, he filed his "Opposition to Magistrate's Report and Recommendation." Under the liberal rules governing pro se filings, we find that the district court should have treated this filing as an amendment to appellant's complaint. *McGruder, supra,* 608 F.2d at 1025 (materials filed by pro se litigant, however denominated, should have been treated as an amendment to the complaint when litigant retained right to amend pleadings as a matter of course); *see also, Woodall v. Foti,* 648 F.2d 268, 272 (5th Cir.1981) (letters to judge); *Wright v. El Paso County Jail,* 642 F.2d 134, 135 n. 1 (5th Cir.1981) ("motion in support of complaint" treated as amendment to complaint).

## II.

Accepting appellant's filing as an amendment to Barksdale's complaint, the question is whether its allegations sufficiently stated a claim against defendant King. Barksdale cited and quoted the Louisiana statute which relates to the duty of the director of corrections to provide adequate medical care to prison inmates:

§ 831. Medical care of inmates
The director of corrections shall establish and shall prescribe standards for health, medical, and dental services for each institution, including preventive, diagnostic, and therapeutic measures on both an outpatient and a hospital basis, for all types of patients. An inmate may be taken to a medical facility outside the institution when deemed necessary by the director.

La.Rev.Stat.Ann. Title 15, § 831 (West 1981).

Appellant then went on to make the following claims regarding a breach of this statute and the resulting violation of his constitutional rights:

In the instant case, defendant King's office is well aware of the fact that plaintiff is a black inmate suffering from sickle cell anemia; that plaintiff's condition requires almost constant monitoring; that since little is known about the sickle cell disease, every precaution should be exercised to insure plaintiff is provided adequate medical attention.

. . . . .

In the instant case, defendant John T. King, as secretary of the Louisiana Department of Corrections have [sic] a duty under Louisiana Revised Statutes, Title 15, Section 831 [4] to assure that plaintiff is provided medical care, he is also responsible under Louisiana law to assure that plaintiff be treated by a qualified medical staff at Louisiana State Penitentiary, or at a similar medical facility. In short, defendant King has control over plaintiff as an inmate, and he also exercises control over the actions of the hospital staff as secretary of the Department of Corrections.

. . . . .

In conclusion, defendant King, through his employees, breached a duty imposed by Louisiana law, and contrary to Section

1983 to provide plaintiff with adequate medical care. Further, defendant King's Office has been informed of plaintiff's medical situation and defendant failed to provide preventive measures to prevent recurrence of the past conduct of the hospital staff at Louisiana State Penitentiary.

Liberally construing these claims, Barksdale has adequately alleged a causal connection between King's actions and the alleged constitutional violation. He has alleged that a state official, King, breached a duty imposed by state law and that this breach has caused Barksdale injury. The pleading requirements of *Sims, supra,* 537 F.2d at 832, and *Douthit, supra,* 641 F.2d at 346, have been met.

The resulting injury that Barksdale alleges took place also adequately states a constitutional violation for pleading purposes. This Court has recently summarized the law on this point:

> The state has an "obligation to provide medical care for those whom it is punishing by incarceration." "[A]cts or omissions sufficiently harmful to evidence *deliberate indifference to serious medical needs*" of inmates constitute cruel and unusual punishment. Neither inadvertent failure to provide adequate medical care, nor carelessness, nor even deliberate failure to conform to the standards suggested by experts is cruel and unusual punishment. The Constitution does not command that inmates be given the kind of medical attention that judges would wish to have for themselves, nor therapy that Medicare and Medicaid provide for the aged or the needy. It prohibits only "deliberate indifference to serious medical needs." (footnotes omitted) (emphasis added).

*Ruiz v. Estelle,* 679 F.2d 1115, 1149 (5th Cir.1982). Further, we have commented on the responsibility of Louisiana state officials for the quality of medical care provided at Angola. *Williams v. Treen,* 671 F.2d 892, 900, 901 (5th Cir.1982) (a state official who knowingly deprives a prisoner of vital medical treatment violates constitutionally protected rights). *See also Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *Williams v. Edwards,* 547 F.2d 1206, 1215 (5th Cir.1977). Barksdale's complaint and its amendment sufficiently allege a deliberate refusal to treat him, despite an awareness that he suffered from sickle cell anemia, when he returned to New General Hospital on the second day and was twice denied consultation with a doctor and treatment. It follows that the motion to dismiss by defendant King for failure to state a claim under Rule 12(b)(6), Fed.R.Civ.P., should have been denied.

Leave to appeal in forma pauperis should be granted, the district court's decision must be vacated on appeal, and the case remanded for further proceedings. 28 U.S.C. § 2106; *Clark v. Williams,* 693 F.2d 381 (5th Cir.1982).

Motion for leave to appeal in forma pauperis GRANTED.

On appeal, judgment VACATED, and case REMANDED.