ON MOTION FOR REHEARING

CHANDLER, Justice,
for the Court:
¶ 1. The motion for rehearing is granted. The original opinions are withdrawn, and these opinions are substituted therefor.
¶ 2. On February 6, 2009, Charles Larry McGraw filed a personal-injury action in the Circuit Court of Claiborne County against four sand suppliers: Clark Sand Company, Inc.; Mississippi Valley Silica Co., Inc.; Precision Packaging, Inc.; and Custom Aggregates and Grinding, Inc. McGraw alleged the four defendants’ sand caused his lung disease, silicosis.[1] On the day of the trial, after the jury had heard the parties’ opening statements, the court recessed, and the parties reached a settlement agreement.
¶ 3. On October 19, 2009, McGraw filed a motion for leave to amend his complaint to add his wife as a plaintiff and American Optical Corporation as an additional defendant. On December 4, 2009, McGraw filed an amended motion for leave to amend his complaint (First Amended Complaint) to modify his request to add four more defendants: Lonestar Industries, Inc.; Specialty Sand Company; Pearl Sands, Inc.; and *566 Pearl Specialty Sand, Inc. On January 5, 2010, the trial court granted McGraw’s amended motion and allowed him to add the five new defendants to the complaint. The First Amended Complaint was filed on that date. On January 19, 2010, McGraw filed a Second Amended Complaint, which added a sixth defendant, Dependable Abrasives, Inc., without seeking leave of court.
¶4. All six defendants petitioned this Court for interlocutory appeal concerning the trial court’s order denying the defendants’ Motion for Summary Judgment, or Alternatively, Motion to Strike Second Amended Complaint and Dismiss First Amended Complaint. The defendants argue that, because the original parties settled with McGraw prior to his motions for leave to amend, the trial court improperly allowed the filing of the First Amended Complaint to add new parties. The defendants also argue that, because McGraw did not seek court approval in filing his Second Amended Complaint, that complaint should be struck.
¶ 5. We find that the trial court abused its discretion in allowing McGraw to file his Second Amended Complaint, because he was required to obtain court approval. However, we find that the trial court did comply with Rule 15 when it allowed McGraw to file his First Amended Complaint, because McGraw filed his motion before all of the original parties were dismissed with prejudice. In addition, the doctrine of election of remedies does not apply, because McGraw has not presented inconsistent theories against the original defendants and new defendants. The issues raised regarding judicial estoppel and claim-splitting are without merit. We affirm the denial of the motion to dismiss the First Amended Complaint and reverse the denial of the motion to strike the Second Amended Complaint.
FACTS
¶ 6. McGraw filed the instant lawsuit on February 6, 2009, against several makers of the sand used in sandblasting. McGraw originally claimed his lungs had been permanently injured from his exposure to res-pirable silica due to the use of the products manufactured by the following companies: Clark Sand Company, Inc.; Mississippi Valley Silica Co., Inc.; Precision Packaging, Inc.; and Custom Aggregates and Grinding, Inc. McGraw claimed that, as a result of his exposure, he suffers from shortness of breath and silicosis.
¶ 7. After the case went to trial on September 22, 2009, and McGraw agreed to settle with the four original defendants, he filed a motion for leave to amend his complaint in order to add more defendants to the suit. McGraw consummated his settlement with two of the four original four defendants on October 27, 2009, but filed his motion before any of the original parties was dismissed with prejudice. In his amended complaint, McGraw alleged that his claims against the new defendants were substantially the same as those against the original four defendants. As in the original complaint, McGraw asserted counts of strict liability and product defects, negligence, breach of warranty, civil conspiracy, acting in concert and gross negligence. The trial court granted McGraw’s motion to amend on January 5, 2010.
¶ 8. The order allowing McGraw to file the First Amended Complaint was styled listing the four original defendants. On January 19, 2010, McGraw filed a Second Amended Complaint, which added a sixth party, Dependable Abrasives, Inc. McGraw did not obtain court approval to file this complaint. It is uncontested by both parties that the defendants were not served with the First Amended Complaint. The *567 Second Amended Complaint was the complaint served to the six new defendants. As a result, all six newly added defendants moved to strike McGraw’s Second Amended Complaint and dismiss McGraw’s First Amended Complaint. McGraw argued that he was not required to obtain court approval to file his Second Amended Complaint because Mississippi Rule of Civil Procedure 15 allowed him to amend his First Amended Complaint without leave of court.[2] The trial court heard the defendants’ motion on May 3, 2010, and denied it on June 1, 2010.
STANDARD OF REVIEW
¶ 9. This case was petitioned to this Court based on the trial’s court order denying the motion to strike McGraw’s Second Amended Complaint and dismiss McGraw’s First Amended Complaint. “Motions for leave to amend complaint are left to the sound discretion of trial court; the Supreme Court reviews such determinations under an abuse of discretion standard; and, unless convinced that trial judge abused discretion, the Supreme Court is without authority to reverse.” Moeller v. Am. Guarantee & Liab. Ins. Co., 812 So.2d 953, 961 (Miss.2002) (citations omitted).
DISCUSSION
I. WHETHER THE AMENDED COMPLAINT WAS PROPER.
¶ 10. Rule 15 of the Federal Rules of Civil Procedure allows for amendment of complaints. Fed.R.Civ.P. 15. The Mississippi Rules of Civil Procedure were modeled after the Federal Rules of Civil Procedure. White v. Stewman, 932 So.2d 27, 39 (Miss.2006).
¶ 11. Rule 15(a) states in pertinent part:
A party may amend a pleading as a matter of course at any time before a responsive pleading is served, or, if a pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within thirty days after it is served ... Otherwise a party may amend a pleading only by leave of court or upon written consent of the adverse party; leave shall be freely given when justice so requires.... '
Miss. R. Civ. P. 15(a) (emphasis added). This Court has held that “freely given” means that “if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.” Estes v. Starnes, 732 So.2d 251, 252 (Miss.1999) (citations omitted). “Motions for leave to amend a complaint are left to the sound discretion of the trial court,” and are reviewed “under an abuse of discretion standard.... ” Moeller, 812 So.2d at 961. Based on Rule 15 and the relevant caselaw discussing amendments to pleadings, we find that the trial court did not abuse its discretion in granting McGraw leave to file his First Amended Complaint. In addition, we find that the trial court did abuse its discretion in allowing McGraw’s Second Amended Complaint, because McGraw failed to obtain court approval as required by Rule 15(a).
¶ 12. The defendants assert that, because the defendants in the original complaint claimed the case was fully settled with McGraw at the close of trial on *568 September 22, 2009, the trial court should have denied McGraw’s motion to amend his complaint filed on October 19, 2009. Therefore, the defendants allege that the suit ended on September 22 when the original parties announced a settlement agreement. However, only two of the defendants were dismissed by court orders, and none of the original defendants was dismissed with prejudice until after McGraw had filed his first motion for leave to amend his complaint.
¶ 13. The defendants rely upon Wilner v. White, 929 So.2d 315 (Miss.2006), and Veal v. J.P. Morgan Trust Co., N.A., 955 So.2d 843 (Miss.2007), to support their position that McGraw’s amendments were improper. We find Wilner to be unpersuasive in the instant case. However, we agree that this Court’s holding in Veal supports the conclusion that the Second Amended Complaint should be struck. In Wilner, the plaintiff filed a motion to amend on the day the statute of limitations expired. Wilner, 929 So.2d at 318. Ultimately, the trial court denied Wilner’s motion to amend because it was untimely and therefore could not relate back to the original filing under Rule 15(c). Id. at 319. Wilner is readily distinguishable from the present case. First, neither party has raised the issue of statute of limitations. Second, McGraw did obtain court approval for the First Amended Complaint, and that motion was timely. Therefore, the discussion and holding in Wilner cannot be used to support the defendants’ motion.
¶ 14. The defendants also argue that, because the Second Amended Complaint was served on all six defendants, and that complaint was improper, the First Amended Complaint should be dismissed. This issue is without merit. McGraw filed his motion for leave to amend his complaint on October 19, 2009. In that filing, he added American Optical Corporation. On December 4, 2009, McGraw amended that complaint to include Lonestar Industries, Inc.; Specialty Sand Company; Pearl Sands, Inc.; and Pearl Specialty Sand, Inc. On January 5, 2010, the trial court issued an order allowing McGraw to file his First Amended Complaint. Those five defendants were properly served within the 120-day period allowed by Mississippi Civil Procedure Rule 4(h).[3] When there is no “undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. — the leave sought should, as the rules require be ‘freely given.” Estes, 732 So.2d at 252 (Miss.1999) (citations omitted). Based on this Court’s precedent, we find that the trial court did not abuse its discretion in allowing McGraw to file the First Amended Complaint, which added the five new defendants.
¶ 15. Although Veal is distinguishable from the present case, this Court’s discussion of Rule 15(a) supports the defendants’ motion to strike the Second Amended Complaint. In Veal, the plaintiff also filed two amended complaints, but did not seek leave of court for either complaint. Veal, 955 So.2d at 847. Rather than seeking leave from the trial court, the plaintiff obtained consent from the defendants to amend the complaint to substitute named defendants for the fictitious defendants. Id. at 844-45. This Court granted interlocutory appeal and affirmed the trial court’s decision to strike the amended complaint. Id. at 847. This Court discussed the importance of Mississippi Rule *569 of Civil Procedure 21[4] when read in conjunction with Mississippi Rule of Civil Procedure 15. This Court also acknowledged that, because it had not dealt with this specific issue prior to Veal, it should look to federal courts and their interpretation of Federal Rule of Civil Procedure 15. Id. at 847.[5] In affirming the trial court, this Court explained that, “because the Second Amended Complaint added new defendants, it also included an amendment which required court approval pursuant to Rule 21. Veal’s failure to obtain court approval rendered the entire Second Amended Complaint improper.” Id. at 848.
¶ 16. This Court’s holding in Veal makes McGraw’s Second Amended Complaint improper. In his complaint, McGraw failed to obtain leave of court to add the sixth defendant, Dependable Abrasives, Inc. Therefore, we find that the trial court abused its discretion in denying the motion to strike the Second Amended Complaint, because it failed to read Rule 15 in conjunction with Rule 21, which requires court approval to amend a second complaint that adds new defendants.
II. WHETHER THE DOCTRINE OF ELECTION OF REMEDIES APPLIES.
¶ 17. The doctrine of election of remedies does not apply in the present case because it requires two separate actions filed in different courts. This doctrine, used before the enactment of the Federal Rules of Civil Procedure, and thus the Mississippi Rules of Civil Procedure, has three elements: “(1) the existence of two or more remedies, (2) the inconsistency between such remedies, and (8) a choice of one of them.” O’Briant v. Hull, 208 So.2d 784, 786 (Miss.1968) (citations omitted). The defendants allege that the present case actually is two cases, because the original four defendants settled at trial. We disagree. None of the parties was dismissed from the case until after McGraw filed his motion for leave to amend the complaint. Further, the trial court granted this motion on January 5, 2010, which added all new defendants, with the exclusion of Dependable Abrasives, Inc. This case has only one cause number and was filed in one court: the Claiborne County Circuit Court. Additionally, McGraw alleges substantially the same injuries against all defendants. This consistency of theories negates the use of the doctrine and renders it inapplicable. McGraw’s remedies against all defendants in this action are consistent: McGraw claims he was injured by these manufacturers’ defective products, which led to the development of his silicosis. As McGraw correctly points out, this is not an either/or situation. It is possible that several different manufacturers caused McGraw’s onset of silicosis. For these reasons, the doctrine of election of remedies cannot apply.
III. WHETHER THE DOCTRINE OF JUDICIAL ESTOPPEL APPLIES.
¶ 18. The doctrine of judicial es-toppel is inapplicable in the present case. “Judicial estoppel is a doctrine of law ap *570 plied by a trial court to a situation where a party asserts one position in a prior action or pleading but then seeks to take a contrary position to the detriment of the party opposite.” Mississippi Power & Light Co. v. Cook, 832 So.2d 474, 482 (Miss.2002) (citations omitted).
¶ 19. The defendants claim that, because McGraw gave conflicting testimony at separate depositions, he should be es-topped from bringing his amended claim. First, McGraw should not be estopped, because this is not a separate action. The trial court granted McGraw’s motion to amend his original complaint. As we previously stated, this case has the same docket number and is in the same court. Judicial “estoppel arises from the taking of a position by a party to a suit that is inconsistent with the position previously asserted in prior litigation.” Beyer v. Easterling, 738 So.2d 221, 227 (Miss.1999) (internal quotations and citations omitted). Second, even if this was a separate action, this Court explained in Beyer that “the doctrine of judicial estoppel generally does not apply to false statements which were made without full knowledge of the applicable facts.... ” This Court used the legal encyclopedia American Jurisprudence to support its reasoning:
Clearly, testimony given in a prior action does not estop the witness from testifying to the contrary in a subsequent action against one not a party to the prior action, where the former testimony was given by mistake or inadvertence or without full knowledge of the facts and is so explained by the witness in a subsequent action. In other words, the oath, to be binding as an estoppel, must be willfully false....
Id. at 227 (citing 28 Am. Jur. 2d Estoppel and Waiver § 71) (1996) (footnotes omitted). Therefore, even if judicial estoppel were applicable in the present suit, McGraw would not be estopped based on his previous testimony. During his second deposition, McGraw stated that his illness impaired his ability to tell the facts in the first deposition. Although McGraw’s actions and his attorney’s actions are questionable, silicosis often can be attributed to several different silica manufacturers, and there is no evidence to indicate that McGraw’s statements were willfully false. We find that this question should be left for the jury.
IV. WHETHER McGRAW HAS ENGAGED IN CLAIM-SPLITTING.
¶ 20. There can be no claim-splitting in the present case, because there has been only one complaint. The defendants use Adams v. Baptist Memorial Hospital-Desoto, Inc., 965 So.2d 652, 655 (Miss.2007), to illustrate that Mississippi prohibits claim-splitting in two separate actions. Because there is only one action, this issue is without merit.
CONCLUSION
¶ 21. We find that the trial court complied with Rule 15 in allowing McGraw to file his First Amended Complaint. We also find that the trial court abused its discretion in allowing McGraw to file his Second Amended Complaint. Therefore, we affirm the denial of the motion to dismiss the First Amended Complaint and reverse the denial of the motion to strike the. Second Amended Complaint. Based on our decision to strike the Second Amended Complaint, which was the Complaint actually served upon the defendants, we remand the issue of service of process to the trial court so that it may determine whether to allow the plaintiff properly to effectuate service. The case is remanded for further proceedings consistent with this opinion.
*571 ¶ 22. AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
WALLER, C.J., CARLSON, P.J., RANDOLPH AND PIERCE, JJ., CONCUR. KITCHENS, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY KING, J. DICKINSON, P.J., AND LAMAR, J., NOT PARTICIPATING.

. McGraw said that he had developed silicosis during his work on numerous worksites from 1975 to 1999, where he was exposed to sandblasting.

. McGraw claimed that, because no responsive pleading had been served since the First Amended Complaint, he was allowed to amend his complaint under Rule 15 without obtaining court approval.

. All five defendants acknowledged receipt of summons between February 2, 2010, and February 8, 2010.

. Rule 21 provides that the "[m]isjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.” Miss. R. Civ. P. 21.

. This Court cites several federal cases that interpret Federal Rule of Civil Procedure 15(a). All cases cited hold that leave of court is required when adding new defendants. Veal, 955 So.2d at 847.