# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11348
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2014

Lyle W. Cayce
Clerk

DANIEL ACOSTA,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:13-CV-204

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Daniel Acosta, federal prisoner #44323-048, appeals from an order of the district court dismissing his petition for a writ of coram nobis. He seeks to challenge his conviction and sentence for possession with intent to distribute 500 grams or more of methamphetamine.

The district court dismissed Acosta's coram nobis petition based on a finding that the writ is not available if the petitioner is in custody and because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11348

the relief Acosta seeks is available under 28 U.S.C. § 2255. However, in his appellate brief, Acosta does not mention, much less provide any relevant argument regarding, writs of coram nobis. Because even pro se litigants must brief issues for appeal, Acosta has waived this issue. *See Yohey v. Collins,* 985 F.2d 222, 224-25 (5th Cir. 1993).

In his objections to the magistrate judge's report, Acosta also argued that he is entitled to relief by way of a writ of audita querela. He makes a similar argument on appeal. We will assume that Acosta's objections should have been construed as a motion to amend and, therefore, that this issue was properly raised in the district court. *See Barksdale v. King,* 699 F.2d 744, 747 (5th Cir. 1983). However, Acosta is not eligible for such relief.

Rule 60(b) of the Federal Rules of Civil Procedure expressly abolished the application of the writ of audita querela to civil judgments, but this court has held that the writ "might also survive in criminal adjudications, if there is a gap for it to fill." *United States v. Miller,* 599 F.3d 484, 487-88 (5th Cir. 2010). To the extent the writ of audita querela survives, it is available only when the legal objection raised cannot be brought under any other postconviction remedy. *Id.* Because Acosta's claims would be cognizable in a § 2255 motion, audita querela relief is not available. *See United States v. Banda,* 1 F.3d 354, 356 (5th Cir. 1993); § 2255(f)(3).

Because the appeal is without arguable merit, we dismiss it as frivolous. *See Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

APPEAL DISMISSED.