# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-IA-00844-SCT

*MARY MEEKS*

*v.*

*HOLOGIC, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/02/2014 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH, III |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ELLIS TURNAGE |
| ATTORNEYS FOR APPELLEE: | JAMES LAWRENCE WILSON, IV |
| | TOMMIE G. WILLIAMS |
| | ROBERT P. CHARROW |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED AND REMANDED - 12/17/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., KING AND COLEMAN, JJ.**

**KING, JUSTICE, FOR THE COURT:**

¶1. After all defendants to the original complaint filed responsive pleadings in Mary Meeks's medical malpractice suit, Meeks obtained leave of court and filed a first amended complaint (FAC), adding as a defendant the manufacturer of a medical device, Hologic, Inc. Meeks did not serve the FAC on Hologic but instead filed a second amended complaint (SAC) without leave of court or permission from all defendants. Hologic filed a motion to dismiss, arguing that Meeks's claims against Hologic were federally preempted and that Meeks's claims additionally were barred by the statute of limitations. Because Meeks failed to obtain leave of court or permission from the defendants to file the SAC and because the

FAC was never served upon Hologic, we find that the statute of limitations had expired against Hologic and that the trial court properly granted Hologic's motion to dismiss.

## FACTS AND PROCEDURAL HISTORY

¶2.  On September 26, 2008, Dr. Kushna Damallie, an employee of The Women's Clinic (TWC),  performed an outpatient diagnostic hysteroscopy and an endometrial ablation on Meeks at the Northwest Regional Medical Center (NWRMC) in Clarksdale. Dr. Damallie used a Novasure medical device manufactured and sold by Hologic to treat Meeks's menorrhagia. On September 28, 2008, Meeks returned to the NWRMC, complaining of abdominal pain, nausea, and vomiting. Meeks's preliminary tests indicated a perforation of Meeks's uterus and blanching of the surrounding wall that was indicative of a burn injury.

¶3.  Pursuant to Mississippi Code Section 15-1-36(15), Meeks provided statutory pre-suit notice and filed her original complaint on November 16, 2010, asserting medical malpractice, and naming as parties Dr. Damallie and TWC. Dr. Damallie answered the complaint on December 29, 2010, and TWC filed a separate answer the same day.

¶4.  On September 26, 2011, Meeks filed an FAC, with Rule 15(a) leave of court, and added Hologic as a defendant. See Miss. R. Civ. P. 15(a). Meeks alleged that, during the surgery, the medical device manufactured by Hologic had caused thermal burn injuries to Meeks's small bowel and had perforated her uterus. Meeks's FAC again asserted causes of action for medical negligence against Dr. Damallie and TWC and added claims for breach of implied warranty of merchantability against all defendants, breach of express warranty against Hologic, and negligence against Hologic. Meeks did not serve Hologic with a copy

of the FAC, but did serve Dr. Damallie and TWC. Dr. Damallie and TWC did not file responsive pleadings within the meaning of Rule 7(a) to the FAC. See Miss. R. Civ. P. 7(a).

¶5.     On October 25, 2011, Meeks filed an SAC without leave of court or permission from opposing parties. The SAC asserted six causes of action: 1) medical negligence against Dr. Damallie; 2) failure to supervise and train against TWC; 3) failure to obtain informed consent against Dr. Damallie and TWC; 4) negligent failure to warn against Hologic; 5) negligence per se against Hologic; and 6) requested a declaratory judgment that an implied or express preemption defense against Hologic was unavailable. Meeks served Hologic with a copy of the SAC on November 22, 2011. Dr. Damallie and TWC filed separate answers to the SAC without objection on November 29, 2011.

¶6.     Hologic removed the case to the United States District Court for the Northern District of Mississippi, Delta Division, on December 20, 2011. Hologic asserted that under 5 U.S.C. § 702, and 28 U.S.C. § 1331, 1441, and 1446, the SAC raised a substantial federal question that arose directly and exclusively under the Administrative Procedure Act (APA). The federal court remanded the case to state court on September 30, 2013.

¶7.     Hologic then filed a Rule 12(b)(6) motion to dismiss on November 13, 2013. *See* Miss. R. Civ. P. 12(b)(6). Hologic first argued that Meeks's claims in the SAC were based on state law that is expressly and impliedly preempted by the Medical Device Amendments of 1976 (MDA). Hologic additionally argued that Meeks's claims were time-barred by Mississippi's statute of limitations under Section 15-1-49. Hologic contended that, because Meeks's SAC was filed without leave of court, as required by Mississippi Rule of Civil

Procedure 15, her complaint should be struck. Hologic also contended that it had no notice of the claims until after the statute of limitations had expired, and that any legally cognizable claim did not relate back and was barred.

¶8.    On June 2, 2014, the circuit court granted the motion to dismiss in favor of Hologic, holding that Meeks's claims against Hologic in the SAC were in violation of Rule 15(a), and thus improper, because responsive pleadings were filed to the original complaint and Meeks was required to obtain leave of court or written consent from the adverse parties before filing the SAC. The circuit court also held that Meeks's FAC did not relate back to the original complaint's filing date under Rule 15(c), finding that Meeks had offered no proof that Hologic had notice of the original complaint within 120 days of its filing. The circuit court additionally found that Meeks's FAC was barred by the statute of limitations, because Meeks had failed to serve Hologic with the FAC and because the statute of limitations consequently resumed running and expired on January 26, 2010.

¶9.    This Court granted Meeks's petition for interlocutory review by order dated July 23, 2014. Meeks now argues that: 1) the circuit court incorrectly interpreted the phrase "before a responsive pleading is served" in the context of multiple defendants when all have not filed responsive pleadings; 2) the trial court erred in finding that the claims asserted against Hologic are barred by the statute of limitations; 3) Hologic waived any Rule 12(b)(4) and (b)(5) insufficiency of process and service of process affirmative defenses; and 4) the savings statute under Mississippi Code Section 15-1-69 is applicable to the circuit court's June 2, 2014, order.

4

## DISCUSSION

¶10. When reviewing a trial court's grant of a motion to dismiss, this Court applies a *de novo* standard of review. *Peoples Bank of Biloxi v. McAdams*, 171 So. 3d 505, 508 (Miss. 2015) (citing *Whitaker v. Limeco Corp.*, 32 So. 3d 429, 433-34 (Miss. 2010)).

**I. Whether the trial court erred in finding that Rule 15(a) is not re-established once an amended complaint is filed.**

¶11. Mississippi Rule of Civil Procedure 15(a) provides:

> A party may amend a pleading as a matter of course at any time before a responsive pleading is served, or, if a pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within thirty days after it is served . . . . Otherwise a party may amend a pleading only by leave of court or upon written consent of the adverse party; leave shall be freely given when justice so requires.

Miss. R. Civ. P. 15(a).

¶12. Meeks argues that her right to amend a pleading as a matter of course under Rule 15(a) effectively started over once the FAC was filed. Thus, Meeks urges this Court to find that, regardless of the responsive pleadings filed after the original complaint, once the FAC was filed with leave of court, Meeks had a right to amend that particular pleading until a responsive pleading was served.

¶13. The trial court found *D.P. Holmes Trucking, LLC v. Butler*, 94 So. 3d 248 (Miss. 2012), to be similar. The plaintiff filed a complaint naming Holmes individually as a defendant, and Holmes filed an answer and affirmative defenses in response. *Id.* at 250. The plaintiff then moved the court to substitute Holmes, individually, for Holmes Trucking as a defendant or, in the alternative, to file an amended complaint to add Holmes Trucking as a

5

defendant. *Id.* The parties signed an agreed order allowing Butler to *add* Holmes Trucking as a defendant. *Id.* In Butler's FAC, however, instead of adding Holmes Trucking, he *substituted* Holmes Trucking. *Id.* Holmes Trucking moved to strike the FAC and also answered and asserted affirmative defenses. *Id.* Butler then filed an SAC without leave of the court or the defendants' consent. *Id.* at 250-51. This Court found that "because Butler failed to seek leave of court or permission from Holmes Trucking, his second amended complaint is improper. . . ." *Id.* at 254.

¶14.   Meeks contends that this Court found that Butler was not in compliance with Rule 15(a) because responsive pleadings were filed to the FAC and not because responsive pleadings were filed to the original complaint. Therefore, because in this case no defendant had filed a responsive pleading to Meeks's FAC, Meeks was free to file her SAC as of right, even though Meeks did not serve Hologic with the FAC. This Court previously has held that an original complaint does not have to be served before it can be amended. *MS Comp Choice, SIF v. Clark Scott & Streetman*, 981 So. 2d 955 (Miss. 2008). In *MS Comp Choice*, the plaintiff filed an original complaint but did not serve the defendant with that version. *MS Comp Choice, SIF v. Clark Scott & Streetman*, 981 So. 2d 955, 957 (Miss. 2008). Instead, the plaintiff filed and served an amended complaint. *Id.* at 958. On appeal, the defendant argued that the second complaint was considered a new and separate complaint, because in order for a complaint to be an amended complaint, the original complaint must first have been served. *Id.* at 959. This Court rejected that argument and found that Rule 15(a) "allows

6

a plaintiff to amend his complaint without having first served the complaint on the defendant." *Id.* at 960.

¶15.    Meeks argues that this Court's holdings in *Butler* and *MS Comp Choice* support her position that a plaintiff can amend a FAC as a matter of right until responsive pleadings are filed to that particular complaint, even though the FAC was not served on Hologic. We find this argument to be lacking. The *MS Comp Choice* Court found that the plaintiff could file an amendment to her original complaint even though the original complaint had not been served, because no party had filed a responsive pleading to the original complaint. Meeks ignores the fact that, here, both parties to the original complaint had filed responsive pleadings before Meeks filed her FAC and SAC. Meeks was required to, and did, ask for leave of court to file her FAC. This Court rejects Meeks's argument that she then was able to file numerous amended complaints to the FAC without leave of court or permission from the defendants. Rule 15(a) allows a party to amend a pleading as a matter of course "at any time before a responsive pleading is served." Both Dr. Damallie and TWC filed responsive pleadings to the original complaint. And while no defendant had responded to the new claims in the FAC,  Meeks no longer had a right to amend as a matter of course after responsive pleadings were filed to the original complaint, and leave of court or permission from all defendants under Rule 15(a) was required to file the SAC.

¶16.    Additionally, Rule 15(a) states that a party may amend *a pleading* as a matter of course before a responsive pleading is served. Once a complaint is filed, any other versions

7

of that complaint are not new complaints, but amended versions of the same complaint and do not constitute a separate pleading. *MS Comp Choice*, 981 So. 2d at 960.

¶17. This Court also has found that an SAC that adds new defendants requires the plaintiff to obtain leave of court pursuant to Rules 15(a) and 21. *Lone Star Indus., Inc. v. McGraw*, 90 So. 3d 564 (Miss. 2012). After the trial court granted the plaintiff's motion to file an FAC, the plaintiff then filed an SAC, which added a sixth party, without obtaining leave of court or requesting written permission from all defendants. *Id.* at 566. This Court found that leave of court, and not permission from the adverse parties, was required to file an SAC that added new parties, and struck the SAC. *Id.* at 569. Similarly, in *Veal*, the plaintiff argued that she was entitled to file an SAC, because she had obtained written consent from the defendants to file the SAC, and thus, was in accordance with Rule 15(a). *Veal*, 955 So. 2d at 847 (Miss. 2007). This Court stated that "it is true that once a responsive pleading has been filed, a complaint may be amended by written consent of the adverse party without leave of court." *Id.* This Court went on to hold that "however, even where a plaintiff has obtained consent from the adverse party to amend the complaint, leave of court may still be required by a different rule." *Id.* The Court held that written consent from the defendants was not enough when the SAC added a new party, and that Rule 15(a) and Rule 21 together required court approval. *Id.*

¶18. Both *McGraw* and *Veal* support the trial court's finding that the SAC was improperly filed, because Meeks failed to obtain leave of court or to obtain permission from the defendants. Meeks argues that *McGraw* and *Veal* are not persuasive, because, in those cases,

8

this Court held that a second amended complaint *that joined additional defendants* required leave of court. This argument lacks merit. Although McGraw and Veal were attempting to add new defendants, which also implicated Rule 21, this Court's analysis supports the conclusion that leave of court or written consent of the adverse party is required before an SAC can be filed when responsive pleadings have been served to previous complaints.

¶19.    Meeks then argues that this Court should look to the federal courts for guidance on construction and interpretation and cites ***Barksdale v. King***, 699 F. 2d 744, 746 (5th Cir. 1983).[1] In ***Barksdale***, the 5th Circuit held that "[i]f the amendment affects all defendants or one or more of those that have not responded, then it is generally held that a 'responsive pleading' has not been served for purposes of Rule 15(a) and plaintiff may amend his complaint as of course with regard to those defendants that have not answered. ***Id.*** at 747 (quoting 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1481 (1971)). The court found that the plaintiff's FAC was improperly dismissed because only one codefendant had filed an answer, and the plaintiff had amended his complaint as to a defendant who had not yet filed responsive pleadings. ***Id.***

¶20.    Meeks argues that no party to the FAC had filed an answer to the FAC, thus ***Barksdale*** is persuasive. Again, in ***Barksdale***, the plaintiff was allowed to amend his *original* complaint as of right, not to amend his FAC. And, here, all parties to the original complaint answered the original complaint before the FAC was ever filed. Thus, ***Barksdale*** does not

---

[1]The related federal rule allows a party to amend its pleading only once as a matter of course and limits the amendment to twenty-one days after service or, if a responsive pleading is required, twenty-one days after service of the responsive pleading. Fed. R. Civ. P. 15(a)(1)(A)-(B).

support Meeks's contention that Rule 15(a) authorizes a second right to amend after responsive pleadings have been filed to the original complaint and after leave of court is required to file a FAC.

¶21.    Meeks next cites *Brewer v. Rockwell International Corp.*, 40 F. 3d 1119, 1125 (10th Cir. 1994). In this case, the Tenth Circuit found that "[b]ecause defendants' motions to dismiss or for summary judgment were not responsive pleadings, [the plaintiff] could have amended her complaint prior to dismissal without requesting or receiving leave of the court. *Id.* at 1131. And again, the plaintiff was allowed to amend her original complaint and not her FAC. While Meeks was correct in stating that numerous federal district courts have reached consistent rulings, these courts consistently have ruled that Rule 15(a) allows an amendment as of right to the original complaint when no responsive pleading has been filed, not to the FAC after responsive pleadings have been filed to the original complaint.[2]

¶22.    As the trial court stated, re-establishing the right to amend a complaint once a plaintiff obtains permission from each party or obtains leave of court would "give Meeks a rubber stamp to repeatedly amend her complaint, thereby giving her an unfair advantage." The trial

---

[2]*See also* **James v. Hurson Ass'n, Inc. v. Glickman**, 229 F. 3d 277, 282-83 (D.C. Cir. 2000) (holding that the defendant had filed no answer to the original complaint, thus the plaintiff had an absolute right to amend its original complaint once at any time before the defendant filed a responsive pleading); **Conventry First, LLC v. McCarty**, 605 F. 3d 865, 869 (11th Cir. 2010) ("Here, Coventry had not previously amended its complaint and the Commissioner had not filed a responsive pleading. Pursuant to Rule 15(a), Coventry could have amended its complaint as a matter of course."); **Williams v. Board of Regents of Univ. Sys. of Ga.**, 477 F. 3d 1282 (11th Cir. 2006) ("The district court erred in failing to allow Williams to file her first amended complaint as a matter of course.")*; But see **Scott-Blanton v. Universal City Studios Prods., LLP**, 244 F. R. D. 67, 70 (D. D. C. 2007) ("Indeed, the cases the defendants cite both address *second* amended complaints, which require a court to grant leave to file.").

court correctly held that Meeks's SAC was improper and must be dismissed, because under Rule 15(a), a party may amend a pleading as a matter of course at any time before *a responsive pleading* is served, and because, even though no responsive pleadings had been served to the FAC, both Dr. Damallie and TWC had served responsive pleadings to the original complaint.

## II. Whether the trial court erred in finding that Meeks's FAC was untimely under Mississippi Code Section 15-1-49.

¶23. The trial court next held that Meeks's FAC also was improper because it did not relate back to the original complaint's filing date and was outside of the statute of limitations. We agree.

### A. Statute of Limitations

¶24. Under Mississippi Code Section 15-1-49, "all actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after." Meeks discovered her injuries on September 28, 2008; so the statute of limitations under Section 15-1-49 expired on September 28, 2011. Meeks filed her FAC on September 26, 2011, two days before the expiration of the statute of limitations. The filing of the complaint tolls the statute of limitations. ***Owens v. Mai***, 891 So. 2d 220, 223 (Miss. 2005); *see also **Erby v. Cox***, 654 So. 2d 503, 505 (Miss. 1995). However, although Meeks served Dr. Damallie and TWC with the FAC, Meeks did not serve Hologic with the FAC. "While the filing of a complaint tolls the statute of limitations, if service is not made upon the defendant within 120 days as required by M.R.C.P. 4(h), the limitations period resumes running at the end of the 120 days." ***Id.*** Because Meeks failed to

11

serve Hologic with the FAC, she failed to comply with Rule 4(h), and the statute of limitations resumed running after 120 days–on January 24, 2012. Only two days were left in the statutory period, and it shortly expired thereafter on January 26, 2012.

¶25.  Meeks argues that service of process was obtained on Hologic on November 22, 2011, well within the time period for service. However, Meeks served Hologic with the SAC on November 22, 2011, not the FAC. While Meeks served Hologic with the SAC, as discussed above, Meeks filed the SAC in violation of Rule 15(a); thus, service of the SAC was irrelevant. Meeks made no attempt to serve Hologic with the FAC, and proper service of the FAC was required to toll the statute of limitations.

¶26.  Meeks additionally argues that Hologic received a copy of the FAC on December 13, 2011, "when Hologic's counsel obtained the Coahoma County, Mississippi Circuit Clerk's certification that a complete copy of the record was attached to Hologic's Notice of Removal filed in federal court." Meeks states that this constitutes an evidentiary admission that Hologic in fact received a copy of the FAC in the federal court action. Regardless of whether Hologic received a copy of the FAC on December 13, 2011, Meeks did not serve the FAC upon Hologic. Proper service is required to toll the statute of limitations. *Price v. Clark*, 21 So. 3d 509, 522 (Miss. 2009). Because Meeks did not serve the FAC on Hologic, the statute of limitations was not tolled, and it expired 120 days after the FAC was filed. Because Meeks improperly filed the SAC and because Meeks failed to serve Hologic with the FAC, the statute of limitations expired on January 26, 2012, and the claims alleged against Hologic in the FAC are time barred.

**B. Rule 15(c)**

¶27.   Meeks next argues that her FAC relates back to the date of the original complaint under Mississippi Rule of Civil Procedure 15(c). Rule 15(c) provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by Rule 4(h) for service of the summons and complaint, the party to be brought in by amendment:
>
> (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining the party's defense on the merits, and
>
> (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Miss. R. Civ. P. 15(c).

¶28.   Thus, the first test required under Rule 15(c) is whether the claim "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."   Second, when a new defendant is added, the amendment also must be served before the expiration of the Rule 4(h) time period.[3] *See Ralph Walker, Inc. v. Gallagher*, 923 So. 2d 890, 894 (Miss. 2006). So, in order for the FAC to relate back under Rule 15(c), Meeks must have served Hologic within 120 days of the filing of the *original complaint*. As stated above, it is undisputed that Meeks did not serve Hologic with the FAC. Hologic had no notice of the suit against it until it was served with the SAC on November 22, 2011. *See*

---

[3]The comment to Rule 15 states "the remaining tests are whether the new party to be added by the amendment (if any) is served before expiration of the period provided by Rule 4(h) for service of a summons and complaint." Miss. R. Civ. P. 15(c) (cmt).

*Bedford Health Props., LLC v. Estate of Williams ex rel. Hawthorne*, 946 So. 2d 335 (Miss. 2006) (quoting *Parker v. Miss. Game and Fish Comm'n*, 555 So. 2d 725 (Miss. 1989)) ("[The] standard for determining whether amendments qualify under Rule 15(c) is not simply an identity of transaction test . . . the courts also inquire into whether the opposing party had been put on notice regarding the claim or defense raised by the amended pleadings."). This was approximately 314 days from the filing of the original complaint, well after the 120-day time period required by Rule 15(c).

¶29. Therefore, the FAC fails the second test under Rule 15(c) and does not relate back to the date of the original complaint. Because Meeks did not serve Hologic with the FAC and gave no notice of the suit until November 11, 2011, the FAC was improper, and the trial court did not err in granting Hologic's motion to dismiss.

**III. Whether Hologic waived Rule 12(b)(4) and (b)(5) insufficiency of process and service of process affirmative defenses.**

¶30. Meeks then argues that Hologic procedurally opted to file a motion to dismiss and failed to incorporate all Rule 12 defenses and objections as required, so Hologic waived any insufficiency of process defenses. In Hologic's Memorandum in Support of Defendant Hologic, Inc's Motion to Dismiss, Hologic asserted that the statute of limitations bars any claim that escapes preemption and also stated that the FAC was never served on Hologic. Hologic stated that the "Plaintiff neither served nor otherwise provided Hologic with a copy of the FAC." Because Hologic stated that the three-year statute of limitations had run without service of process, and that Hologic was never served with the FAC, this was sufficient to

14

assert that the FAC was barred by Rule 4(h) and the statute of limitations. *See **Heard v. Remy***, 937 So. 2d 939, 941 (Miss. 2006).

**IV.     Whether Mississippi Code Section 15-1-69 is applicable.**

¶31.     Lastly, Meeks argues that the savings statute under Section 15-1-69 is applicable to her case, and that she is able to commence a new action within a year of the resolution of this action. The savings statute provides that

> if any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, *or for any matter of form* . . . the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit . . . .

Miss. Code Ann. § 15-1-69 (Rev. 2012). Meeks contends that, because failure to adhere to notice requirements and lack of jurisdiction have been found to be matters of form, that this case "[e]xemplifies those principles."

¶32.     However, this Court clearly has held that dismissal of an action for failure to serve process under Rule 4(h) is not a "matter of form" for purposes of the savings statute. ***Owens***, 891 So. 2d at 224. Also, "[t]he savings statute was not designed to extend the life of a cause of action beyond that of its original statute of limitations." ***Id.*** at 223. Therefore, the savings statute does not apply to the order granting Hologic's motion to dismiss. Meeks filed her SAC without leave of court or permission from all defendants. Because both defendants filed pleadings in response to the original complaint, Meeks was in violation of Rule 15(a) and the SAC was properly struck by the trial court. Meeks did not serve her FAC on Hologic and her claims against Hologic consequently are time barred.

## IV. Federal Preemption

¶33. Hologic argues that, even if the SAC is valid, Meeks's claims against Hologic are federally preempted. Because both the FAC and the SAC were properly dismissed, a discussion of the federal preemption issue is unnecessary.

## CONCLUSION

¶34. Meeks filed her SAC in violation of Rule 15(a), because she failed to obtain leave of court or permission from the defendants. The trial court also properly dismissed the FAC, because Meeks failed to serve Hologic with the FAC and because the statute of limitations has since expired. Hologic argues that, even if the SAC is valid, the claims against Hologic are federally preempted; however, this Court need not address the issue. The trial court's holdings are affirmed and this Court remands this case for further proceedings consistent with this opinion.

¶35. **AFFIRMED AND REMANDED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, PIERCE AND COLEMAN, JJ., CONCUR.**

16