# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CA-00818-COA

**SHEILA JOHNSON**                                       **APPELLANT**

**v.**

**MICHAEL DRAKE D/B/A JANI-KING**                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/12/2022 |
| TRIAL JUDGE: | HON. STANLEY ALEX SOREY |
| COURT FROM WHICH APPEALED: | SIMPSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | MARTIN R. JELLIFFE |
| | BRENNAN DUCOTE |
| ATTORNEY FOR APPELLEE: | GLEN AUSTIN STEWART |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 10/03/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., GREENLEE AND EMFINGER, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1. Sheila Johnson appeals the Simpson County Circuit Court's dismissal of her premises-liability action against Michael Drake d/b/a Jani-King. Finding no reversible error, we affirm the circuit court's judgment.

## FACTS AND PROCEDURAL HISTORY

¶2. On or about March 7, 2017, Sheila Johnson slipped and fell on a freshly mopped floor inside Polk's Pharmacy. Almost three years later, on February 25, 2020, Johnson filed a complaint in the Simpson County Circuit Court against Gene Polk's, Inc. and John Does 1-10. The complaint stated, in relevant part:

> Defendants, John Does 1-10, are other Defendants whose names, whereabouts, and/or involvement are at this time unknown to the Plaintiff but who may be

added at a later date. John Does 1-10 include the owners, operators, managers, and all other entities, corporate and/or individuals of the Defendant, Gene Polk's Inc., who were in some manner negligently and proximately responsible for the events and happenings alleged in this Complaint and for the Plaintiff's injuries and damages. Plaintiff, Sheila Johnson, will amend her Complaint to allege the true capacity of these parties when they are ascertained.

¶3. Approximately one year and eight months later, on November 9, 2021, Johnson filed an amended complaint and added the following defendants: Jani-King Franchising, Inc. ("Jani-King") and Michael Drake d/b/a Jani-King ("Drake"). The amended complaint alleged that Jani-King's employees were responsible for mopping the floor where Johnson slipped and fell.

¶4. In March 2022, Gene Polk's, Inc. filed a motion to dismiss the action with prejudice or, in the alternative, for summary judgment.[1] The motion asserted that Gene Polk's, Inc. had not been served with the original complaint or the amended complaint and only learned of the pending litigation through "hearsay and happenstance." Gene Polk's, Inc. argued that the circuit court should dismiss the original complaint because it had not been timely served. Additionally, Gene Polk's, Inc. argued that the amended complaint could not relate back to the original complaint, arguing that it was untimely.

¶5. Subsequently, Johnson filed a response and a motion for additional time to effect service of process. Johnson's counsel admitted that the summons had not been given to the process server but noted complications with his legal staff as well as "difficulties created by

---

[1] In February 2022, Gene Polk, Inc.'s counsel filed a special entry of appearance reserving all defenses, and an additional entry of appearance was filed in March 2022. Similarly, counsel for Jani-King had filed a notice of appearance without waiving any defenses in January 2022.

COVID-[19]." Attached to the motion was an affidavit executed by a paralegal who had been assigned to Johnson's counsel.

¶6. Around that time, Jani-King was voluntarily dismissed without prejudice. Then Drake filed an answer to the amended complaint and asserted, among other things, that Johnson's claims were barred by the applicable statute of limitations. Drake also filed a motion to dismiss and to strike the amended complaint or, in the alternative, for summary judgment. Drake reasserted that Johnson's claims were barred by the statute of limitations and argued that the court should strike the amended complaint because it was filed without leave of the circuit court and did not relate back to the original complaint.[2]

¶7. During a hearing, Gene Polk's, Inc.'s counsel represented that Johnson still had not served the original complaint or the amended complaint. Johnson's counsel acknowledged that service of process "kind of slipped through the cracks" but suggested that good cause existed for an extension of time to effectuate service. The circuit court indicated that the motion for an extension of time probably would have been granted if it had been filed before the issue was raised.

¶8. After the hearing, the circuit court entered its final judgment of dismissal with prejudice. The circuit court held that Johnson's claims (in both complaints) were barred by the applicable three-year statute of limitations. Additionally, the circuit court held that the amended complaint did not relate back to the original complaint. Thereafter, Johnson filed a notice of appeal.

---

[2] Gene Polk's, Inc. joined this motion, and Drake joined Gene Polk's, Inc.'s motion.

3

## STANDARD OF REVIEW

¶9.     "The circuit court's grant of a motion to dismiss based upon the statute of limitations presents a question of law to which this Court applies de novo review." *McNair v. J.F.M. Inc.*, 323 So. 3d 1154, 1157 (¶7) (Miss. Ct. App. 2021) (quoting *Anderson v. R & D Foods Inc.*, 913 So. 2d 394, 397 (¶7) (Miss. Ct. App. 2005)).

## DISCUSSION

¶10.    We must decide whether the circuit court erred by granting the defendants' motions to dismiss.[3]  With respect to amending pleadings, Mississippi Rule of Civil Procedure 15(a) provides:

> A party may amend a pleading as a matter of course at any time before a responsive pleading is served, or, if a pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within thirty days after it is served . . . . Otherwise a party may amend a pleading only by leave of court or upon written consent of the adverse party; leave shall be freely given when justice so requires.

M.R.C.P. 15(a).

¶11.    Johnson claims that the circuit court erred by holding that the original complaint could not be amended because it had not been served.  In support of her argument, Johnson cites *MS Comp Choice, SIF v. Clark, Scott & Streetman*, 981 So. 2d 955, 960 (¶15) (Miss. 2008). In *MS Comp Choice*, on September 14, 2005, an insurance company's third-party administrator filed a legal malpractice suit, against a law firm that defended the insurance

---

[3] In her appellate brief, Johnson notes that she is only appealing the circuit court's dismissal of Drake d/b/a Jani-King.  Johnson has seemingly abandoned her argument on appeal as it relates to the dismissal of Gene Polk's, Inc. and the circuit court's denial of her motion for additional time to effect service of process.

company in a workers' compensation case. *Id*. at 956-57 (¶¶1, 5). "The original complaint, in which the third-party administrator was named as the party plaintiff, was never served on the law firm." *Id*. at 957 (¶1). Instead, an amended complaint, which substituted the insurance company as the plaintiff, was filed 117 days later on January 9, 2006, and served on the law firm the next day. *Id*. at 957-58 (¶¶5, 7). On appeal, the supreme court held that Mississippi Rule of Civil Procedure 15(a) "allows a plaintiff to amend his complaint without having first served the complaint on the defendant." *Id*. at 960 (¶15).

¶12. Later, in *Meeks v. Hologic Inc.*, 179 So. 3d 1127 (Miss. 2015), the supreme court noted that the amendment in *MS Comp Choice* was permissible "because no party had filed a responsive pleading to the original complaint." *Meeks*, 179 So. 3d at 1132 (¶15). In *Meeks*, the supreme court held that "a party may amend a pleading as a matter of course at any time before *a responsive pleading* is served. . . ." *Id*. at 1134 (¶22) (emphasis added).

¶13. In the instant case, as in *MS Comp Choice*, the defendants did not file any responsive pleadings between the time Johnson filed the original complaint and the amended complaint. But our analysis does not end here. The circuit court found that Johnson's claims were barred by the applicable statute of limitations.

¶14. Under Mississippi Code Annotated section 15-1-49(1) (Rev. 2019), "[a]ll actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after." In the instant case, the slip and fall occurred around March 7, 2017. The original complaint was filed on February 25, 2020—which was two years, eleven months, and eighteen days later—tolling the statute of

limitations. *Meeks*, 179 So. 3d at 1134 (¶24).

¶15.    Although the filing of a complaint tolls the statute of limitations, the summons and complaint must be served within 120 days after the complaint is filed, as required by Mississippi Rule of Civil Procedure 4(h). *Id.* Rule 4(h) provides:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

M.R.C.P. 4(h). "If the plaintiff fails to serve process on the defendant within [the] 120-day period, the statute of limitations automatically begins to run again when that period expires." *Edney v. Williams*, 269 So. 3d 113, 117 (¶15) (Miss. 2018) (quoting *Lewis Ent., Inc. v. Brady*, 142 So. 3d 396, 398 (¶7) (Miss. 2014)).

¶16.    As stated, Johnson filed the original complaint on February 25, 2020. The statute of limitations was then tolled for 120 days. Because Johnson failed to serve the defendant with the complaint, she failed to comply with Rule 4(h), and the statute of limitations resumed running after 120 days, on June 24, 2020. Only eleven days were left in the statutory period. However, Johnson did not file the amended complaint until November 9, 2021—approximately one year and four months after the statute of limitations had expired. Therefore, Johnson's claims are time-barred. *See Meeks*, 179 So. 3d at 1135 (¶26).

¶17.    In Johnson's motion for additional time (which was filed after Gene Polk's, Inc. had filed a motion to dismiss), Johnson's counsel articulated reasons for failing to serve the complaint. The circuit court considered these reasons and indicated that had the motion for

6

additional time been filed sooner, it probably would have been granted. "A trial court's finding on the existence of good cause for a delay in service of process is a finding of fact and is entitled to deferential review." *Edney*, 269 So. 3d at 117 (¶14) (citing *Holmes v. Coast Transit Auth.*, 815 So. 2d 1183, 1185 (¶6) (Miss. 2002)). "The plaintiff bears the burden of establishing good cause." *Id*. (citing *Brady*, 142 So. 3d at 399 (¶7)). During the hearing, Johnson's counsel acknowledged that service of process "kind of slipped through the cracks" and failed to establish good cause.

¶18.    After review, we find that the circuit court did not err by holding that Johnson's claims were barred by the statute of limitations and that the amended complaint did not relate back to the original complaint. Accordingly, the circuit court's final judgment of dismissal is affirmed.

¶19.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**